UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MARIO DIAZ,

    Plaintiff,

-vs-                                            Case No.:

WELLS FARGO BANK, N.A.

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. Illegal calls alleged in this Complaint occurred in Martin County, Florida.

4. The calls alleged in this Complaint were placed by Defendant to Plaintiff's cell phone number 813-205-8303.

5. The debt that is the subject matter in this case involves real property located Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of New York.

7. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

8. Plaintiff is an "alleged debtor as defined in Florida Statute 559.55(2)."

9. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

10.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

11.     Defendant, WELLS FARGO BANK, N.A., is a corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94163 and conducting business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301

12.     Defendant is acting in the capacity of a "debt collector".

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

14.     Defendant called the Plaintiff over 300 times from April 18, 2012 through September 2013 in an attempt to collect a debt.

15.     Plaintiff has records of at least 215 phone calls and/or voicemails during said time but was not able to keep contemporaneous records of all the calls.

16.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17.     On June 3, 2010, Plaintiff had requested Defendant through their assigned Counsel not to contact him regarding the debt. [Exhibit 1]

18.     Plaintiff informed Defendant that he did not owe the debt and that consent to final summary judgment had been filed. [Exhibit 2]

19.     Plaintiff repeatedly told Defendant during the phone calls "not to call him again".

20.     Defendant communicated with Plaintiff knowing that the Plaintiff was represented by an attorney with respect to such debt and had knowledge of, or can readily ascertain, such attorney's name and address.

2

21.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

23.     Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

24.     Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

25.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

26.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer to remove the incorrect number.

27.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they dispute the debt or they do not owe money.

28.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29.     Defendant has a couple class action lawsuits for similar violations from March 16, 2006 through November 16, 2011. (Malta v. Wells Fargo Home Mortgage, Inc., Case No. 10 CV 1290 IEG BLM) (Allen v. Wells Fargo Auto Finance, Inc., Case No. CV 10 2657 W JMA)

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

31. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

33. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

34. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

35. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. Defendant's willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates Paragraphs 1 through 36 above.

38. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls and/or prerecorded messages made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he did not owe the debt and repeatedly told them to "stop calling".

39. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls and/or prerecorded messages made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he did not owe the debt and repeatedly told them to "stop calling

40.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

41.     Plaintiff incorporates paragraphs 1 through 30 above.

42.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

44.      Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

46.     Defendant has violated Florida Statute §559.72(18) by communicating with Plaintiff, knowing that the Plaintiff was represented by an attorney with respect to such debt and had knowledge of, or can readily ascertain, such attorney's name and address.

47.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Tav Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com